IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TODD MCDANIEL**                                                                                       **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 3:19-CV-254-HTW-LGI**

**HAZLEHURST CITY SCHOOL
DISTRICT AND JOHN DOES 1-10**                                     **DEFENDANTS**

## ORDER

BEFORE THIS COURT is the *Motion to Strike* **[Docket no. 56]** filed by the Defendant, Hazlehurst City School District ("Defendant"). Defendant, by way of its Motion, petitions this court to strike Plaintiff's supplemental response and memorandum in opposition to Defendant's motion to dismiss certain claims. [Docket nos. 50 and 51]. Defendant filed the subject motion and supporting memorandum on April 10, 2020. [Docket nos. 56 and 57]. To date, no response has been filed by the Plaintiff.

Defendant filed its *Motion to Dismiss Certain Claims by Plaintiff* and accompanying Memorandum on October 24, 2019. [Docket nos. 44 and 45]. Plaintiff Todd McDaniel ("Plaintiff") filed his Response in Opposition and Memorandum in support thereof on November 7, 2019. [Docket nos. 48 and 49]. Plaintiff then filed an additional document on April 1, 2020, titled Plaintiff's *Supplemental Response* to Defendant's Motion to Dismiss. [Docket no. 50]. Plaintiff submitted a memorandum brief to support his supplemental response. [Docket no. 51].

Plaintiff offered the following statement in support of his supplemental filing: "Plaintiff submits this Supplemental Response to bring a recently obtained, relevant document to this Honorable Court's attention." [Docket no. 50, p. 1]. Plaintiff further conceded that "[he] addressed

the Defendant's Motion to Dismiss arguments in their entirety in his initial response and memorandum filed in this Honorable Court on November 7, 2019, and here seeks only to supplement that response." [Docket no. 51, pp. 2-3].

The offered "recently obtained" supplemental document is an affidavit from Dr. Cory Murphy, who is the Executive Director for the Office of Teaching and Leading for the Mississippi Department of Education. [Docket no. 51-1]. This document, states Plaintiff, conveys that student discipline is an instructional duty requiring a valid teacher's license issued by the Mississippi Department of Education.  The Plaintiff's supplemental response, however, admits that this document has already been available to Plaintiff and had "**previously been attached to Defendant's pleadings under ECF Docket. 12 and No. 25.**" [Docket no. 51, p. 4] (emphasis added). Plaintiff offers no explanation of this discrepancy in his pleadings; therefore, the court finds that Plaintiff's statement regarding the newly discovered nature of Dr. Murphy's affidavit is incorrect.

Local Uniform Civil Rule 7(b)(4) for the Northern District and Southern District of Mississippi [1] provides that a party opposing a motion must file a response and memorandum brief in support of the response "within fourteen days of service of the movant's motion and memorandum brief."  Further, explains the Rule, a "movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief."

---

[1] Memorandum Briefs; Documents Required with Motions; Time Limits' Failure to Submit Required Documents; Motions Not Reurged. At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion. Counsel for respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response. Counsel for movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief. A party must make any request for an extension of time in writing to the judge who will decide the motion. Failure to timely submit the required motion documents may reurged after discovery has been concluded and before the motion deadline, may be deemed moot and denied by operation of this rule.
L.U. Civ. R. 7(b)(4).

Parties are required to comply with Local Rule 7(b)(4) in order for the Court to consider a pleading filed out of time. *See McMahan Jets, LLC v. X-Air Flight Support, LLC*, 2:10CV175KS-MTP, 2012 WL 5606635, at *9 (S.D. Miss. Nov. 15, 2012). Local Uniform Rule 7(b)(4) mandates that a party must seek leave of court prior to filing a supplemental motion or response out of time. Plaintiff did not request leave of court to file his supplemental response, almost five months after the expiration of the allotted fourteen days. This court further notes that Plaintiff did not submit any response in opposition to Defendant's request to strike Plaintiff's untimely supplementation. The court, then, has before it only the Defendant's arguments in favor of the motion to strike.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Defendant's Motion to Strike **[Docket no. 56]** is hereby GRANTED. Plaintiff's Supplemental Response [Docket no. 50] and Memorandum in Support of Plaintiff's Supplemental Response [Docket no. 51] are hereby stricken.

SO ORDERED, this the 7th day of March, 2021.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE